Slip Op. 09-94

# UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| MAY FOOD MANUFACTURING doing business as MRS. MAY'S NATURALS, : : : : Plaintiff, : : v. : : UNITED STATES, : : Defendant. : | Before: Jane A. Restani, Chief Judge Court No. 06-00329 |

## OPINION

[Plaintiff's motion for reconsideration and to amend judgment denied.]

Dated: September 1, 2009

Peter S. Herrick, P.A. (Peter S. Herrick) for the plaintiff.

Tony West, Assistant Attorney General; Barbara S. Williams, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (Jason M. Kenner, Gardner B. Miller, and Mikki Cottet); Beth Brotman, Office of the Assistant Chief Counsel, International Trade Litigation, U.S. Customs and Border Protection, of counsel, for the defendant.

Restani, Chief Judge: Plaintiff May Food Manufacturing doing business as Mrs. May's Naturals ("Mrs. May's") moves for reconsideration of, and to amend the judgment in, the court's decision in May Food Manufacturing v. United States, 616 F. Supp. 2d 1349 (CIT 2009), pursuant to USCIT Rule 59(a) and (e). In that decision, the court granted defendant the United States's motion for summary judgment, concluding that the United States Bureau of Customs and Border Protection properly classified Almond Crunch, a snack called almond brittle

Court No. 06-00329 Page 2

consisting of almonds, rice malt, sugar, as prepared almonds under subheading 2008.19.40 of the Harmonized Tariff Schedule of the United States ("HTSUS"), and denied a cross-motion for summary judgment based on the claim by Mrs. May's that Almond Crunch was an article returned to the United States after being exported for alterations under subheading 9802.00.50, HTSUS. Id. Mrs. May's now asks to court to determine that the correct classification of Almond Crunch is subheading 0802.12.00, HTSUS. (Pl.'s Mem. of Law in Supp. of Mot. for Recons. ("Pl.'s Recons. Br.") 3–7.)

A motion for reconsideration will be granted "only in limited circumstances," such as for "1) an error or irregularity, 2) a serious evidentiary flaw, 3) the discovery of new evidence which even a diligent party could not have discovered in time, or 4) an accident, unpredictable surprise or unavoidable mistake which impaired a party's ability to adequately present its case." Target Stores v. United States, 471 F. Supp. 2d 1344, 1347 (CIT 2007). The grant or denial of a motion for reconsideration is within the discretion of the court. Id. A motion for reconsideration will not be granted "merely to give a losing party another chance to re-litigate the case." Totes-Isotoner Corp. v. United States, 580 F. Supp. 2d 1371, 1374 (CIT 2008) (internal quotation marks and citation omitted).

Mrs. May's asserts that "it was so focused on the issue of whether or not an alteration took place in China that it made an unavoidable mistake in considering an alternative classification for the Almond Crunch." (Pl.'s Recons. Br. 3.) This assertion suggests that Mrs. May's did not raise the claim for one of two reasons: either Mrs. May's did not research all HTSUS provisions relating to almonds before filing its complaint or summary judgment briefs, or Mrs. May's strategically chose not to pursue an alternative argument that Almond Crunch is

Court No. 06-00329  Page 3

classifiable under heading 0802. Neither reason is a proper ground for reconsideration. See United States v. Matthews, 580 F. Supp. 2d 1347, 1349 (CIT 2008) ("[A]rguments raised for the first time on rehearing are not properly before the court for consideration when prior opportunity existed . . . for the moving party to have adequately made its position known.") (internal quotation marks and citation omitted).

Mrs. May's next argues that the court erred in failing to determine the correct classification of Almond Crunch. (Pl.'s Recons. Br. 3–7.) This argument lacks merit, as the court concluded that heading 2008, HTSUS, which applies to "nuts, . . . otherwise prepared or preserved, whether or not containing added sugar or other sweetening matter . . . not elsewhere specified or included," "is the only tariff provision that describes the nature of Almond Crunch."[1] May Food, 616 F. Supp. 2d at 1351–52 (emphasis added). The court did not suggest that heading 0802, HTSUS, which applies to "nuts, fresh or dried, whether or not shelled or peeled," could apply to the imported product Almond Crunch.[2] Heading 2008 accurately

---

[1] The relevant portion of Chapter 20 of the HTSUS reads:

| | |
|---|---|
| 2008 | Fruit, nuts and other edible parts of plants, otherwise prepared or preserved, whether or not containing added sugar or other sweetening matter or spirit, not elsewhere specified or included: |
| | Nuts, peanuts (ground-nuts) and other seeds, whether or not mixed together: |
| | . . . . |
| 2008.19 | Other, including mixtures: |
| | . . . . |
| 2008.19.40 | Almonds . . . . |

[2] The relevant portion of Chapter 8 of the HTSUS reads:

| | |
|---|---|
| 0802 | Other nuts, fresh or dried, whether or not shelled or peeled: |

(continued...)

Court No. 06-00329                                                                                           Page 4

describes Almond Crunch, and heading 0802 does not.  Further, the Explanatory Notes state that Chapter 8 applies to nuts that are at most provisionally preserved or contain small quantities of sugar and excludes nuts that are otherwise prepared or preserved, which are classifiable under Chapter 20.  The court therefore correctly concluded that subheading 2008.19.40, HTSUS, is the proper classification for Almond Crunch.

        For the foregoing reasons, the plaintiff's motion for reconsideration and to amend the judgment is denied.

                                                             /s/ Jane A. Restani
                                                             Jane A. Restani
                                                             Chief Judge

Dated this 1st day of September, 2009.
New York, New York.

---

[2](...continued)
                Almonds:
            . . . .
0802.12.00                                             Shelled . . . .

# NOTICE OF ENTRY AND SERVICE

This is a notice that an order or judgment was entered in the docket of this action, and was served upon the parties on the date shown below.

Service was made by depositing a copy of this order or judgment, together with any papers required by USCIT Rule 79(c), in a securely closed envelope, proper postage attached, in a United States mail receptacle at One Federal Plaza, New York, New York 10278 and addressed to the attorney of record for each party at the address on the official docket in this action, except that service upon the United States was made by personally delivering a copy to the Attorney-In-Charge, International Trade Field Office, Civil Division, United States Department of Justice, 26 Federal Plaza, New York, New York 10278 or to a clerical employee designated, by the Attorney-In-Charge in a writing filed with the clerk of the court.

or

Service was made electronically, by the Court's CM/ECF system, upon those parties that have filed a Notice of Consent to Electronic Service.

Tina Potuto Kimble
Clerk of the Court

Date: _____    By: _____
                                        Deputy Clerk